UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM E. AVELLO,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. 2:13-cv-00504-RFB-GWF<br><br>**ORDER** |

**I.   INTRODUCTION**

This case is before the Court on Plaintiff William E. Avello's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act, filed January 29, 2015 (ECF No. 54) and the parties' Stipulation for the Award and Payment of Attorney Fees and Expenses, filed February 17, 2015 (ECF No. 57). For the reasons discussed below, the Court grants Plaintiff's motion for attorney's fees and costs in the amount stipulated by the parties.

**II.   BACKGROUND**

On March 22, 2013, Plaintiff filed a complaint in this Court requesting judicial review of the final decision of the Commissioner of the Social Security Administration to deny him benefits under the Social Security Act. ECF Nos. 1, 11. On October 31, 2014, this Court issued an Order adopting the Report & Recommendation of the Honorable George W. Foley, United States Magistrate Judge, and remanded this case to the Social Security Administration "for further determination of when Plaintiff became disabled within the meaning of the Social Security Act." Order at 2, ECF No. 52. In the motion currently before the Court, Plaintiff, through retained counsel Heather Freeman, requests $17,774.78 in attorney's fees and $350.00 in costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. ECF No. 54.

Subsequently, the parties stipulated to an award of $15,000 in attorney's fees under the EAJA and $350.00 in costs under 28 U.S.C. § 1920. ECF No. 57.

### III. DISCUSSION

The EAJA provides that a prevailing party other than the United States should be awarded attorney's fees and other expenses that party incurs in any civil action by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565–66 (1988). In other words, to be substantially justified the position must have a reasonable basis in law and fact. Id.; United States v. Marolf, 277 F.3d 1156, 1161 (9th Cir. 2002). A district court's award of EAJA attorney fees must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). In assessing reasonableness, courts examine the number of hours reasonably expended on the case, the reasonable hourly rate, and the level of success achieved by the plaintiff. Id. at 1145, 1147 (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 435 (1983)).

Here, Plaintiff is a prevailing party. Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). The parties have stipulated that Plaintiff be awarded attorney's fees in the amount of $15,000.00 and costs in the amount of $350.00. By stipulating to the award, Defendant concedes any argument that its position was substantially justified or that any special circumstances would make the award unjust. After reviewing Plaintiff's petition, the attached time logs and statement of professional qualifications from Plaintiff's counsel, and the stipulation, the Court finds that Plaintiff's petition should be granted and that the stipulated amounts of $15,000.00 in attorney's fees and $350.00 in costs are reasonable.

Under the terms of the stipulation, after the Court issues its order granting EAJA fees, Defendant will determine whether the fees are subject to any offset pursuant to Astrue v. Ratliff,

560 U.S. 586, 594 (2010). Additionally, Plaintiff's counsel has represented to the Court that Plaintiff has assigned his right to EAJA fees; however, the Court has not been provided with any evidence of such an assignment and so cannot conclusively find that the assignment has occurred at this time. Therefore, upon verification (1) that Plaintiff has no debt qualifying for offset under the United States Department of the Treasury's Offset Program and (2) that Plaintiff has assigned his right to the EAJA fees award to his attorney, Defendant shall send the payment directly to Plaintiff's counsel.

Finally, as noted in the stipulation, this award of attorney's fees and costs is without prejudice to Plaintiff's counsel's right to seek Social Security Act attorney's fees under 42 U.S.C. § 406(b).

### IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff William E. Avello's Motion for Attorney's Fees and Costs (ECF No. 54) is GRANTED in the amount set forth in the Stipulation for the Award and Payment of Attorney Fees and Expenses (ECF No. 57).

**IT IS FURTHER ORDERED** that the parties' Stipulation for the Award and Payment of Attorney Fees and Expenses (ECF No. 57) is GRANTED. Upon verification (1) that Plaintiff has no debt qualifying for offset under the United States Department of the Treasury's Offset Program and (2) that Plaintiff has assigned his right to the EAJA fees award to his attorney, Defendant shall send the agreed-upon payment directly to Plaintiff's counsel.

**DATED** this 2nd day of March, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**